UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MELISSA CUBRIA § | |
| § | |
| PLAINTIFF § | |
| § | |
| V. § | CIVIL ACTION NO. 1:16-cv-544 |
| § | |
| UBER TECHNOLOGIES, INC. § | |
| § | |
| DEFENDANT § | |
| § | |

**THE PARTIES' JOINT MOTION TO STAY ALL PROCEEDINGS, DISCOVERY, AND DEADLINES PENDING ACTION BY THE JPML**

Plaintiff Melissa Cubria ("Plaintiff") and Defendant Uber Technologies, Inc. ("Defendant"), by and through their undersigned counsel, respectfully move the Court for a stay of all proceedings, discovery, and deadlines in this matter, including the August 18, 2016, deadline for Defendant's responsive pleadings in this case, pending the determination by the Judicial Panel on Multidistrict Litigation ("JPML") on a Motion to Transfer certain actions, including this one, under the multi-district litigation procedure.

In support thereof, Plaintiff and Defendant (collectively, the "Parties") respectfully show the Court the following:

1.      Plaintiff filed her Complaint on May 4, 2016.  Dkt. #1.  Defendant's registered agent for service of process was served on July 28, 2016.  The current deadline for Defendant to answer or otherwise respond to the Complaint is August 18, 2016.  Plaintiff's Complaint alleges that Defendant violated the Telephone Consumer Protection Act ("TCPA") by sending text messages to Austin residents relating to Proposition 1.

1

2. On June 22, 2016, Carmellia Calmese, who is the plaintiff in *Calmese v. Uber Technologies, Inc.*, No. 16-cv-06277 (N.D. Ill.), filed a motion with the JPML for transfer to a single court for coordinated or consolidated pretrial proceedings of eleven cases (nine putative class actions and two individual actions) against the Defendant pending in five different federal district courts throughout the nation (the "Scheduled Actions") alleging TCPA violations, along with any future tag-along actions ("*Calmese* MDL Motion"). MDL No. 2733, Dkt. #1. This action is one of the Scheduled Actions that Calmese's petition seeks to transfer for coordinated or consolidated proceedings. Defendant filed their opposition to the *Calmese* MDL Motion on July 21, 2016. *Id.*, at Dkt. #27.

3. The JPML has placed the *Calmese* MDL Motion, styled as MDL No. 2733, *In Re: Uber Technologies, Inc., Telephone Consumer Protection Act (TCPA) Litigation*, on the oral argument calendar for its hearing session on September 29, 2016, in Washington, D.C. *Id.*, at Dkt. #35.

4. Given the pendency of the hearing to consider the MDL Motion, and the JPML's reputation for expeditious rulings, proceeding in this case before a ruling from the JPML risks wasting judicial and party resources.

6. On August 4, 2016, the United States District Court for the Northern District of Illinois issued an order staying proceedings in *Vergara v. Uber Technologies, Inc.*, Case No. 1:15-cv-06942, pending a ruling by the JPML. Like this case, *Vergara* is one of the Scheduled Actions.

7. The proposed grant of the motion to stay sought here is consistent with the axioms that "the power to stay is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants[,]" *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), and that "[i]t is common for courts to

stay an action pending a transfer decision by the JPML," *Ritchie Capital Mgmt., LLC v. Gen. Elec. Capital Corp.*, No. 14 CIV. 8623 PAE, 2015 WL 170402, at *6 (S.D.N.Y. Jan. 13, 2015); *see also Brannon v. BP Am. Prod. Co.*, Civ No. H-11-4055, 2012 2012 U.S. Dist. LEXIS 3139, at *3 (S.D. Tex. Jan. 11, 2012) (finding that a party would face a "significant risk of inconsistent pretrial rulings by different courts if there is no stay in effect until the [MDL] Panel issues its final decision."); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (noting that "the time and energy that this Court would devote to any rulings it might make…could be for naught if this action is transferred to another court and that court modifies or vacates any of this Court's orders[,]" and that "[I]t appears that a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the [JPML] because of the judicial resources that are conserved."); *Poole v. Zimmer, Inc.,* Case No. 2:12-cv-01588-JCM-CWH, 2012 U.S. Dist. LEXIS 146278, at *2-3 (D. Nev. Oct. 10, 2012) (to promote judicial economy and consistency, court granted stay of proceedings on all issues, including all discovery and pretrial deadlines).

8. Regardless of whether this action is stayed, Defendant has requested, and Plaintiff has agreed to, an extension of the August 18, 2016 deadline for Defendant's responsive pleadings in this case.

9. Accordingly, the parties jointly request that all proceedings, discovery, and deadlines in this matter, including the August 18, 2016 deadline for Defendant's responsive pleadings in this case, be stayed pending a decision by the JPML in the pending motion for transfer in *In Re: Uber Technologies, Inc., Telephone Consumer Protection Act (TCPA) Litigation*. In the

event that this joint motion to stay is not granted, the parties request, in the alternative, that the deadline for Defendant's responsive pleading be set for 21 days after such an order.[1]

## CONCLUSION AND PRAYER

Accordingly, the Parties respectfully request that the Court issue an Order consistent with the attached Proposed Order, which provides for a stay of all proceedings, discovery, and deadlines in this matter, including the August 18, 2016, deadline for Defendant's responsive pleadings in this case, pending the determination by the JPML on the *Calmese* Motion to Transfer related actions, including this one, to an appropriate transferee court for a multi-district litigation.

Respectfully Submitted,

TERRY & THWEATT, P.C.

By:   /s/ L. Lee Thweatt
L. Lee Thweatt
Texas Bar No. 24008160
Federal I.D. No. 36618
Joseph D. Terry
Texas Bar No. 24013618
Federal Bar No. 24206
One Greenway Plaza, Suite 100
Houston, Texas 77046-0102
(713) 600-4710 (Telephone)
(713) 600-4706 (Telecopier)
lthweatt@terrythweatt.com
jterry@terrythweatt.com

**ATTORNEYS FOR PLAINTIFF**

---

[1] Defendant anticipates bringing a motion to compel arbitration in this action. Defendant reserves all of its rights and defenses, including but not limited to filing a motion to compel arbitration.

5

GIBSON DUNN & CRUTCHER LLP

By: /s/ Michael Raiff
Michael Raiff
Texas Bar No. 00784803
2100 McKinney Avenue, Suite 1100
Dallas, TX  75201-6912
Telephone:  (214) 398-3100
Facsimile:  (214) 571-2900
mraiff@gibsondunn.com

/S/ Austin V. Schwing
Austin V. Schwing (CA SBN 211696)
(Pro Hac Vice application pending)
555 Mission Street, Suite 3000
San Francisco, CA  94105-0921
Telephone:  (415) 393-8210
Facsimile:  (415) 393-8306
aschwing@gibsondunn.com

**ATTORNEYS FOR DEFENDANT UBER TECHNOLOGIES, INC.**

## [PROPOSED] ORDER GRANTING PARTIES' JOINT MOTION TO STAY ALL PROCEEDINGS, DISCOVERY, AND DEADLINES PENDING ACTION BY THE JPML

The Court, having considered the Parties' Joint Motion To Stay All Proceedings, Discovery, and Deadlines Pending Action by the JPML, GRANTS the Motion.

It is hereby ORDERED that all proceedings, discovery, and deadlines in this case, including the August 18, 2016, deadline for Defendant's responsive pleadings in this case, are stayed pending the determination by the Judicial Panel on Multidistrict Litigation regarding whether to transfer certain actions, including this one, under the multi-district litigation procedure.

SIGNED this _____ day of _____, 2016

_____
HONORABLE JUDGE SAM SPARKS
UNITED STATES DISTRICT COURT
WESTERN DISTRICT, AUSTIN DIVISION