

**AMERICAN ARBITRATION ASSOCIATION**  |  INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

## AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration between

Case Number: 01-17-0002-1645

| | |
|---|---|
| Melissa Cubria | ("Claimant") |
| -vs- | |
| Uber Technologies, Inc. | ("Respondent") |

## AWARD OF ARBITRATOR

On November 3, 2017, the parties attended the arbitration hearing on the above-referenced matter in Austin, Texas. Claimant Melissa Cubria and Respondent Uber Technologies, Inc. were both extremely well represented by their counsel. Claimant was represented by L. Lee Thweatt and Joseph D. Terry with Terry and Thweatt PC as well as Mitchell Breit, Andrea Bierstein and Brittany A. Boswell with the firm of Simmons Hanly Conroy. Respondent was represented by Austin Schwing with the firm of Gibson, Dunn & Crutcher LLP. Counsel for both Claimant and Respondent presented their evidence, case law and arguments very thoroughly and persuasively on the two issues which are the subject of this arbitration: 1.) Whether or not the parties' dispute is within the scope of the arbitration agreement; and 2.) Whether or not the arbitration agreement is unconscionable. After reviewing the briefs and arguments and supplemental briefs, presented by counsel from both sides, I, the UNDERSIGNED ARBITRATOR, having been designated in accordance with the agreement entered into by the above-named parties, Find and Award as follows:

## BACKGROUND

Uber, a company incorporated in Delaware and headquartered in California, operates an online service that connects riders seeking transportation with available drivers. Uber's customers request rides and pay for the requested rides through the use of Uber's smartphone application. Claimant, a law school graduate, is an Uber rider who resides in Austin, Texas.

To use Uber, riders must first create an account. Claimant created her account through her cellphone using an App on October 13, 2013. By creating an Uber account, Claimant agreed to the "terms of service and privacy policy". Subsequent to creating her account, Claimant used Uber services over 300 times.

The terms and conditions (TACs) in effect when Claimant signed up for Uber specified that they "constitute a legal agreement between [Claimant] and Uber..." and by "using or receiving any service supplied to [Claimant] by [Uber]... [Claimant] hereby expressly acknowledge[s] and agrees to be bound by the terms and conditions of the Agreement, and any future amendments and additions to this Agreement as published from time to time" on Uber's website or through the App.

Uber issued new TACs on January 2, 2016 (2016 TACs). Section 6 of the 2016 TACs, entitled "Dispute Resolution" contains a sub section called "Arbitration," which states in relevant part:

> You agree that any dispute, claim or controversy arising out of or relating to these Terms or the breach, termination, enforcement, interpretation or validity thereof or the use of the Services... will be settled by binding arbitration between you and Uber, except that each party retains the right to bring an individual action in small claims court and the right to seek injunctive or other equitable relief in a court of competent jurisdiction to prevent the actual or threatened infringement, misappropriation or a violation of a party's copyrights, trademarks, trade secrets, patents or other intellectual property rights. You

1

acknowledge and agree that you and Uber are each waiving the right to a trial by jury or to participate as a plaintiff or class in any purported class action or representative proceeding.

Claimant seeks to pursue a class action alleging Uber violated the Telephone Consumer Protection Act by robo-texting Uber riders in Austin without the riders expressed consent. Claimant alleges she received robo-text messages as part of a political campaign by Uber to oppose a City of Austin ordinance requiring background checks for Uber drivers. This claim was initially filed in the United States District Court for the Western District of Texas, Austin Division (Case No. A-16-CA-544-SS). Uber Technologies Inc. filed a Motion to Compel Arbitration. United States District Judge Sam Sparks on March 15, 2017 granted Uber's Motion to Compel Arbitration and referred the following two issues to be decided in arbitration: 1.) Whether the parties' dispute falls within the scope of the arbitration clause; and 2.) Whether such clause is unconscionable. Claimant takes the position that the scope of the arbitration clause does not encompass the claims asserted in this matter and also that if the claims are encompassed by the arbitration clause, such clause is unconscionable and therefor unenforceable. Uber takes the contrary position on both issues.

## LEGAL ANALYSIS

The United States District Court for the Western District of Texas made it clear in its ruling that the parties entered into an arbitration agreement. Under these circumstances, the U.S. Supreme Court has previously held that the federal arbitration act (FAA) requires that disputes must be arbitrated "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." See AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643,650 (1986). As stated in the Fifth Circuit opinion (Primerica Life Ins. Co., 304 F.3d 471) "all doubts concerning the arbitrability of claims should be resolved in favor of arbitration. " In numerous other cases, courts have ruled that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration". See Masters v. Time Warner Cable Inc., 920 F. Supp. 2d 766, 770 (W.D. Tex. 2012). In the case at hand, the arbitration agreement specifies that "any dispute, claim or controversy arising out of or relating to the terms or the breach, termination, enforcement, interpretation or validity thereof or the use of the Services… will be settled by binding arbitration…"

The Cubria case is similar in many ways to Lainer v. Uber Technologies, Inc., No. CV 15-09925-BRO (MRWx), 2016 WL 7444925 (C.D. Cal. May 11, 2016). In Lainer, the plaintiff was an Uber rider who had entered into an arbitration agreement when she signed up for the Uber App. Uber allegedly sent her a text message relating to her potentially becoming a driver for Uber, and she filed a purported class action alleging a violation of the TCPA. The arbitration agreement in Lainer covered any dispute related to the Terms and Conditions, as well as Plaintiff's use of Defendant's services. The Plaintiff Lainer argued that the dispute fell outside of the arbitration agreement because the text message did not discuss the services she utilized as a rider. The court rejected the Plaintiff's narrow reading of the arbitration clause and followed a long line of prior case holdings in favor of a strong preference for arbitration whenever the arbitration clause is broadly worded.

**Issue One:    Is The Parties' Dispute Within The Scope Of The Arbitration Agreement?**

In the case at hand, the Arbitration clause uses the same broad language of "arising out of or relating to" that courts have repeatedly found sufficient to compel arbitration of TCPA cases. I find that Uber's text message concerning Proposition 1 relates to Claimant's use of Uber's services and whether or not those services will continue to be provided in Austin, Texas. Therefore, I find that the parties' dispute is within the scope of the Arbitration Agreement.

**Issue Two:    Is The Arbitration Agreement Unconscionable?**

Claimant argues that the arbitration agreement is unenforceable because it is unconscionable. The United States District Court for the Western District of Texas has previously determined that California law applies to the interpretation of the terms and conditions. Under California law, unconscionability has both a procedural and a substantive element. See Armendariz v. Found. Health Servs., 24 Cal. 4th 83, 114 (2000) (Abrogated on other grounds by AT&T Mobility LLC v. Concepcion, 563 U.S. 333 (2011). Claimant argues that the terms and conditions are procedurally unconscionable because it is a contract of adhesion. However, Claimant is a sophisticated, law school graduate who is more than capable of understanding Uber's terms and conditions, and had options besides using Uber if she did not wish to abide by its terms

2

and conditions including using another ride sharing company or using a taxi. Thus I find Claimant's adhesion contract argument unpersuasive. I also find that the contract is not substantively unconscionable in that it is not so "one sided as to shock the conscious" see Pinnacle Museum Tower Assn. v. Pinnacle Market Development, 55 Cal. 4th 223, 246, 145 (2012). Citing 24 Hour Fitness, Inc. v. Sup. Ct., 66 Cal. App. 4th 1199, 1213 (1998).

In addition, I find that the Arbitration agreement's incorporation of the AAA consumer rules does not render the arbitration agreement unconscionable. Claimant's argument that the arbitration clause contains unfair surprise because Uber failed to provide a copy of the American Arbitration Association's rules is unpersuasive. The arbitration agreement at issue incorporated the AAA rules by clear reference, hyperlinked them, and provided the AAA phone number. Courts have previously held that where the AAA rules are clearly incorporated by reference and the terms and conditions are hyperlinked, the fact that not all of the AAA rules are included in the body of the terms and conditions does not render the arbitration clause procedurally unconscionable. See Loewen v. Lyft, Inc., 129 F. Supp. 3d 945, 958 (N.D. Cal. 2015).

Supplemental briefs by the parties addressed the Supreme Court case of Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52 (1995). Claimant relies on this case to emphasize the common-law rule of contract interpretation "that a court should construe ambiguous language against the interest of the party that drafted it" see Mastrobuono 514 U.S. at 62. Claimant also argues that the arbitration clause either excludes the claim at issue or is ambiguous about the scope of what is subject to arbitration. However, I find that the contract language in question is not ambiguous and clearly states that the arbitration agreement covers any dispute related to the Terms and Conditions, as well as Claimant's use of Respondent's services. Section 6 of the 2016 TACs, entitled "Dispute Resolution", states in part that "... any dispute, claim or controversy arising out of or relating to these terms or the breach, termination... thereof or the use of the Services... will be settled by binding arbitration between you and Uber..." The term "use of services "would reasonably include those ride sharing services provided to Claimant which would potentially be unavailable if Uber left Austin. Claimant argues that the text was political advocacy and therefore unrelated to use of Uber services. This might be the case if the text referred to political matters unrelated to ride sharing services. However, the text sent to Claimant concerning Proposition 1 policy clearly relates to Uber ride sharing services and the continuation of such services in the city of Austin.

Therefore, after taking into account all of the briefing and arguments, I hereby Award and Rule as follows:

1. The parties' dispute in this case falls within the scope of the arbitration clause;

2. The arbitration clause in question is not unconscionable.

3. Each party shall be responsible for payment of their own attorney's fees and expenses incurred in preparing for the arbitration hearing.

4. The administrative fees and expenses of the American Arbitration Association totaling $2,400.00 shall be borne as incurred and the compensation and expenses of the Arbitrator totaling $3,000.00 shall be borne by Respondent.

This Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

/2 - 5 - /7
_____
Date

_____
Thomas J. Mitchell, Arbitrator